**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**SYDNEY and JERRY EDWARDS as**
**Next Friend to A.E., a minor child** **PLAINTIFFS**

**V.** **4:26CV00547 JM**

**UNITED STATES OF AMERICA;**
**LITTLE ROCK AIR FORCE BASE**
**CHILD DEVELOPMENT CENTER**
**(INFANT AND TODDLER CENTER);**
**JILL LUND, in her Capacity as Director;**
**DEBRA HOLLAND** **DEFENDANTS**

**ORDER**

Pending is the government's motion to dismiss separate defendants Debra Holland, Little Rock Air Force Base Child Development Center and Jill Lund. (Docket # 5). Plaintiff has filed a response and the government has filed a reply. The motion is ripe for consideration.

On April 27, 2026, Plaintiffs Sydney and Jerry Edwards filed a Complaint in the Circuit Court of Pulaski County Arkansas, bringing an action in tort against these Defendants. On May 29, 2026, Defendant filed a Notice of Removal under 28 U.S.C. §2679(d)(2) upon certification of the United States Attorney, Eastern District of Arkansas that the Little Rock Air Force Base Child Development Center ("LRAFB CDC") is operated by the United States Air Force, Department of Defense and that Jill Lund and Debra Holland were acting within the scope of their employment at the time of the alleged incident. (Docket #'s 3 and 4). Defendants also filed a Motion to Substitute the United States of America as Party Defendant. (Docket #'s 3 and 4). That motion was granted, in part, adding the United States as a party Defendant. (Docket #10). The government moves to dismiss Separate Defendants LRAFB CDC, Lund and Holland arguing that the only proper party in a tort against federal agencies and their employees is the

United States of America. In their response, Plaintiffs agree that a federal employee acting within the scope of their employment is immune from suit as are federal agencies. Plaintiffs argue that Lund and Holland were not acting within the scope of their employment during the events which led to this action.

Standard of Review

Fed. R. Civ. P. 12(b)(1) provides for a motion to dismiss for lack of subject matter jurisdiction. A motion filed under Fed. R. Civ. P. 12(b)(1) may be a facial challenge, or a factual challenge. *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018). In the context of a factual challenge the party asserting federal jurisdiction must establish the existence of federal subject matter jurisdiction by a preponderance of the evidence and the proponent is not entitled to any presumption of truthfulness based on the complaint's factual allegations. *Id.* Furthermore, in considering a factual attack to subject matter jurisdiction, the Court may properly "look outside the pleadings to affidavits or other documents," without converting the motion into one for summary judgment. *Moss*, 895 F.3d at 1097. "Because at issue in a factual 12(b)(1) motion is the trial court's ... very power to hear the case ... the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

Discussion

"The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)). "When a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to

certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.' " *Id.* at 229-30 (quoting 28 U.S.C. § 2679(d)(1)). "Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee." *Id.* at 230.

"[T]he Attorney General's certification ... is prima facie evidence that the employee's challenged conduct was within the scope of employ." *Wilcox v. United States*, 881 F.3d 667, 671 (8th Cir. 2018) (alterations in original) (quoting *Brown v. Armstrong*, 949 F.2d 1007, 1012 (8th Cir. 1991)). If the plaintiff elects to challenge the certification, the plaintiff "bears the burden of coming forward with specific facts rebutting the certification." *Larsen v. Frederiksen*, 277 F.3d 1040, 1041 (8th Cir. 2002) (quoting *Lawson v. United States*, 103 F.3d 59, 60 (8th Cir. 1996)).

Plaintiffs challenge the scope of employment of Lund and Holland arguing that with regard to the acts complained of in their complaint, Lund and Holland were acting in their personal interests. However, Plaintiffs offer no facts to support their argument. Plaintiffs bear the burden to come forward with specific facts to rebut the certification. They failed to carry that burden.

Accordingly, the government's motion to dismiss Separate Defendants LRAFB CDC, Lund and Holland is GRANTED. The case will proceed against the United States. A scheduling order will be issued forthwith.

IT IS SO ORDERED this 19th day of October, 2026.

James M. Moody Jr.
United States District Judge